Karen SEGOBIANO, Tony Segobiano, and Sego's Form Erectors of Illinois, Plaintiffs,

v.

CITIZENS SAVINGS BANK, Defendant.

Citizens Savings Bank, Third–Party Plaintiff,

v.

United States of America, Third–Party Defendant.

No. 00–1387.

United States District Court, C.D. Illinois.

March 15, 2001.

---

James T. Finegan, Bloomington, IL, for Plaintiff.

Joseph A. McCarron, Hayes Hammer Miles Cox & Ginzkey, Bloomington, IL, for Defendant.

Gerard A. Brost, Assistant U.S. Attorney, Peoria, IL, David Timperley, Pierre, SD, for Third–Party Defendant.

### ORDER

GORMAN, United States Magistrate Judge.

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has re-ferred the case to me. Now before the court is Third Party Defendant's motion to dismiss the third party complaint(# 12). That motion is allowed.

This dispute arose out of David Timperley's scheme to obtain a large tax refund ($49,902.70) that was owed to Sego's Form Erectors. Timperley obtained a driver's license under the name "Marvin Segos" and then ordered and received forms to have the refund check sent to him rather than to the address of the company. He sent the forms in, submitting his request, and the government sent the check to him. Using the phony license, he opened a checking account with Citizens Savings Bank, deposited the check on November 4, 1995, and over the course of thirty days depleted the funds. The United States Treasury honored the check. On June 11, 1997, Tony Segobiano filed a charge with the Bloomington Police Department. Prior to that time, Sego's Form Erectors had gone into bankruptcy, owing the IRS over $153,000.

On October 13, 1998, plaintiffs filed this action in state court against the Bank. The Bank then filed a third party complaint against the United States and Timperley. The United States then removed the case to this court pursuant to 28 U.S.C. 1446(a)(1).

There are several bases for the motion. First, the United States argues that there has been no waiver of sovereign immunity. I find this issue to be dispositive. "It is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite for [federal] jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Here, the Bank points to 31 U.S.C. 3343(b) to show a waiver of sovereign immunity and a consent to be sued. This section provides:

The Secretary of the Treasury shall pay from the Fund to a payee or special endorsee of a check drawn on the Treasury ... the amount of the check without interest if in the determination of the Secretary the payee or special endorsee establishes that—

1) the check was lost or stolen ...

2) the check was negotiated later and paid by the Secretary on forged endorsement ...; and

3) the payee or special endorsee has not participated in any part of the proceeds of the negotiation or payment.

Under the limited circumstances set forth in § 3343(b), a claim may be made against the United States. However, the Bank is neither the payee nor the special endorsee; the payee was Sego Form Erectors and there is no special endorsee.

Equally important, however, is that this statute, which creates the Check Forgery Insurance Fund, and 31 U.S.C. 3702(c) establish procedures for making these claims. § 3702(c) provides that "*Any claim* on account of a Treasury Check shall be barred unless it is presented to the agency that authorized the issuance of such check within one year *after the date of issuance of the check.*" Whether this section is viewed as mandating exhaustion of administrative remedies or as a statute of limitations or both, it is plain that any claim arising out of the check that Timperley forged is barred. No claim has ever been presented to the Internal Revenue Service, and more than one year has elapsed since that check was issued.

For any one of these reasons, the Bank's attempt to bring the United States into this lawsuit is doomed. Accordingly the United States' motion to dismiss is allowed. The Third Party complaint against the United States is dismissed, and the United States is terminated as a party to this litigation. The remaining parties are directed to advise the court, within fourteen (14) days of the date of this order, of any reason that this case should not be remanded to the State court from whence it was removed.